There is a great deal of testimony tending to prove the excessive valuation of property owned by the corporations, tract by tract, and to prove the under valuation of property, piece by piece, of resident taxpayers, but we have refrained from quoting or referring to all this testimony and have deemed it necessary to throw light on the questions involved to refer only to admissions and practically uncontradicted testimony from which we think it has been clearly established that the system of assessment adopted and systematically and intentionally pursued by the assessor and approved by the Board of County Commissioners was unjust, arbitrary and discriminatory and in contravention of the cardinal principles of equality and uniformity in taxation, required by the constitution and laws of this State.

It is, therefore, ordered that the decree of the lower court be and the same is hereby reversed for further proceedings in accordance with this opinion.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.

WEST, J., disqualified.

———————•———————

THE JOSEPH DIXON CRUCIBLE COMPANY, A CORPORATION, *Appellant*, v. CHARLES E. ALLEN AS TAX COLLECTOR OF CITRUS COUNTY, FLORIDA, *Appellee*.

Opinion filed April 2, 1919.

An Appeal from the Circuit Court for Citrus County; W. S. Bullck, Judge.

*Anderson & Anderson*, for Appellant;

*Geo. W. Scofield, Glenn Terrell* and *T. F. West,* Attorney General, for Appellee.

PER CURIAM.—It is ordered and adjudged by the Court that the orders of the Circuit Court in this cause, from which this appeal is taken, be, and the same are, hereby reversed upon the authority of the case of Camp Phosphate Company v. Allen, Tax Collector, this day decided.

BROWNE, C. J. AND TAYLOR, WHITFIELD AND ELLIS, J. J., AND JONES, CIRCUIT JUDGE, concur.

WEST, J., disqualified.

_____

THE STATE OF FLORIDA EX REL. RAILROAD COMMISSIONERS, *Relators,* v. ATLANTIC COAST LINE RAILROAD COMPANY AND CLYDE STEAMSHIP COMPANY, *Respondents.*

Opinion filed April 8, 1919.

1. While Congress has exclusive power to regulate interstate commerce, and the State may not, when Congress has exerted that power, interfere with, even in the otherwise just exercise of its police power, the State may in such a case act until Congress does exert its authority, even though interstate commerce may be incidentally affected.

2. When, in the absence of Federal regulations, State supervision of matters that incidentally affect interstate or foreign commerce, is permissible, the State authority is dominant; but upon the asserton of paramount Federal Authority, State regulations in the premises are thereby excluded.

3. Although wharves are related to commerce and navigation as aids and conveniences, yet being local in their nature, and